UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLENN A. ECHOLS,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

No. C 06-1137 PJH

**ORDER DENYING REQUEST TO AMEND JUDGMENT**

    Pro se plaintiff Glenn A. Echols filed this action on February 16, 2006, seeking judicial review of a decision by the Commissioner of Social Security denying disability benefits. Plaintiff also filed an application for leave to proceed in forma pauperis (IFP).

    The request to proceed IFP was denied on February 23, 2006. In the order, the court advised plaintiff that he was responsible for paying the filing fee within thirty days, and also for serving "the complaint and any amendments, scheduling orders, attachments, pursuant to Rule 4, Federal Rules of Civil Procedure." Plaintiff paid the filing fee on March 7, 2006.

    Approximately nine months after the IFP request was denied, it came to the court's attention that plaintiff had failed to file a proof of service of the summons and complaint. On November 21, 2006, the court issued an order to show cause why the action should not

be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. The court ordered plaintiff to submit a written statement, no later than December 20, 2006, showing good cause for failure to serve the summons and complaint. The court advised plaintiff that the action would be dismissed if plaintiff failed to provide a written statement by the stated deadline.

Plaintiff did not comply with the order to show cause. On January 19, 2007, approximately 60 days after it had issued the order to show cause, the court dismissed the action. Judgment was entered on January 22, 2007.

On January 29, 2007, plaintiff filed a "motion to amend order of dismissal," pursuant to Federal Rule of Civil Procedure 59, seeking "additional time to secure adequate representation." Plaintiff asserts that, because he is not an attorney, he "does not understand the requirements for serving the summons and complaint."

A motion to alter or amend a judgment under Rule 59(e) should be granted if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001). The court finds that plaintiff has not met the standard under Rule 59(e), and that the request must therefore be DENIED.

A person representing himself without an attorney is bound by the Federal Rules, as well as by all applicable rules. Civil L.R. 3-9(a). Under Federal Rule of Civil Procedure 4, service of the summons and complaint must be made within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). While the court can extend that time for good cause shown, see id., plaintiff failed completely to provide any statement of good cause in response to the order to show cause, which in any event was not issued until five months after the expiration of the 120 days allowed under Rule 4.

The court finds further that plaintiff has had more than enough time to secure adequate counsel, as the action had been pending for nine months as of the time the court issued the order to show cause, and was not dismissed – despite plaintiff's failure to serve

defendant – until more than eleven months had elapsed.

Accordingly, for the foregoing reasons, plaintiff's request to amend the judgment is DENIED.

**IT IS SO ORDERED.**

Dated: February 5, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge